### Keeney v. Stremmel

*John D. Miller Jr.*, for plaintiffs.
*John J. Mooney III*, for defendants.

SPICER, *P.J.*, April 22, 1991—The complaint in this case alleges that plaintiffs recovered a judgment against J. Mark Stremmel on September 11, 1988. In paragraph three, it is alleged that plaintiffs were creditors of Mr. Stremmel, that a summons was issued September 17, 1987, and the complaint was filed in that action, December 3, 1987. Judgment was originally obtained for $4873.61 but this was reduced with credited payment of $1200. Plaintiffs allege a present balance of $3673.61 with interest from July 25, 1988.

Mr. Stremmel denied that plaintiffs were creditors of his in 1987 but ignored allegations concerning the issuance of the summons and the filing of the complaint. When he was deposed, Mr. Stremmel at first denied having been given notice of the former case or having been served. Later, in the deposition, his counsel suggested that Mr. Stremmel might have accepted service of the complaint. It became very clear, as the deposition developed, that Mr. Stremmel had knowledge of plaintiffs' lawsuit when it was filed.

The present action is filed under provisions of The Uniform Fraudulent Conveyance Act, 39 P.S. §351 et seq. Plaintiffs allege, and Mr. Stremmel admitted in his deposition, that Mr. Stremmel used $20,000 which he obtained prior to marriage to buy real estate, settlement for which occurred February 22, 1988. Title was taken in the name of Mr. Stremmel and his wife. The purchase price was paid by mortgage proceeds, $500 or $600 from Mrs. Stremmel and Mr. Stremmel's $20,000. Mr. Stremmel testified he owns absolutely nothing in his own name that can be attached and sold to satisfy plaintiffs' judgment.

Plaintiffs want the real estate subjected to a lien or charge to the extent of their judgment. They move

for summary judgment. Because we find no genuine issues of fact and that plaintiffs clearly are entitled to judgment, we grant the motion. However, we attach some conditions.

The act, *supra,* empowers the court to void transfers or conveyances made (1) with active intent to defraud creditors, or (2) made without fair considerations regardless of the debtor's intent which (3) render the debtor at the time of conveyance insolvent. A person can be a creditor even if he only has a claim. It is not necessary that a verdict be obtained or judgment entered. Indeed, it is not even necessary that suit be commenced. *Baker v. Geist,* 457 Pa. 73, 321 A.2d 634 (1974). The debtor's intent is irrelevant if the transfer is made without fair consideration. *Larrimer v. Feeney,* 411 Pa. 604, 192 A.2d 351 (1963). *The First National Bank of Marietta v. Hoffines,* 429 Pa. 109, 239 A.2d 458 (1968). If the effect of the transfer or conveyance is to render debtor insolvent, it can be considered void. Insolvency exists " 'when the present, fair, salable value of his [a person's] assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured' the Act, section 2, 39 P.S. §352." *Continental Bank v. Marcus,* 242 Pa. Super. 371, 376, 363 A.2d 1318, 1320 (1976). When a conveyance is proven, it becomes incumbent on the debtor to prove his solvency. *Id.; Bank of Marietta v. Hoffines, supra.*

The act has been applied to a variety of situations involving transfers by a spouse to an estate by the entireties. In *Taylor v. Kaufhold,* 37 Erie Leg. J. 253 (1953), a husband placed his money in a joint bank account and used the funds to purchase entireties property. In *Corbett v. Hunter,* 292 Pa. Super. 123, 436 A.2d 1036 (1981), husband deposited his money in an account held jointly with his wife. In both

cases, the transfers were adjudged fraudulent for purposes of the act.

Although the complaint alleges recovery of judgment September 11, 1988, the complaint requests interest from July 25, 1988. The discrepancy is not explained. Plaintiffs are clearly entitled to interest, but only from the date of judgment.

## ORDER OF COURT

And now, April 22, 1991, summary judgment is entered in favor of plaintiffs and against defendants. The real estate described in the complaint is subjected to a charge or lien in the amount of $3673.61 plus interest at the legal rate from September 11, 1988. In the event the real estate is sold, the amount of the mortgage and Mrs. Stremmel's contribution of $600 will be accorded priority over plaintiffs' judgment.